## No. 10,215.

PIRIE *v.* THE PUBLIC UTILITIES COMMISSION, ET AL.

Decided July 3, 1922.   Rehearing denied October 2, 1922.

Proceeding involving the right of an electrical company to furnish light and power to a municipality without a certificate of public necessity and convenience from the public utilities commission. Right denied.

### *Affirmed.*

1. PUBLIC UTILITIES COMMISSION—*Findings.* Findings of the public utilities commission on the right of an electrical company to a certificate of public necessity and convenience under the provisions of the public utilities law of 1917, are binding upon the court of review.

2. CONSTITUTIONAL LAW—*Public Utilities Act.* The public utilities act of 1917 is not open to the constitutional objection that it confers upon the commission judicial powers, neither is it in contravention of the due process clause of the Constitution.

3. PUBLIC UTILITIES COMMISSION—*Police Power of State.* The contention that the power given the public utilities commission is not within the police power of the state, and that if it were, it could be exercised only by the courts, overruled.

*Writ of Review to the Public Utilities Commission.*

Messrs. SABIN & MCGLASHAN, for petitioner.

Mr. WILLIAM V. HODGES, Mr. D. EDGAR WILSON, Mr. CHARLES R. ENOS, for respondents.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error, The Colorado Power Company, filed with the Public Utilities Commission of this state a complaint alleging that plaintiff in error, the owner of an electric power plant, had obtained from the city of Idaho Springs a franchise to furnish electric power and light to the citizens of that city without having first obtained a certificate of public necessity and convenience, as required by the Public Utility Law of 1917.

Plaintiff in error answered, alleging that his predecessor in interest had furnished electric current for Idaho Springs up to the period of the war; that the line over which such current had been furnished from Lawson to Idaho Springs, had been purchased by the Colorado Power Company in 1917 and dismantled; that, because of the war, he and his predecessors had been unable to rebuild said line. He asked for a certificate of public necessity and convenience. The commission having taken testimony, found that plaintiff in error was not furnishing electricity to Idaho Springs when the act requiring said certificate became effective, and that public necessity and convenience did not require that he be permitted to act under his fran-

chise.  He was therefore prohibited from proceeding under it.

Plaintiff in error does not deny that, for a considerable period before he obtained this franchise, neither he nor his predecessors had operated in Idaho Springs.  The determination of the right to such certificate is for the commission, and we are bound by its findings on that question.

Counsel for plaintiff in error argue strenuously against the action of the commission, but the argument goes, in fact, to the policy of granting the commission such power as is granted to it by the law.  Possibly the effect of the statute may be, as counsel suggest, to depreciate the value of power plants, to discourage further building of such plants and to create monopolies, but that is for the consideration of the legislature.

It is also asserted that the public utilities act violates certain sections of the state Constitution.  One objection is that it confers upon the commission judicial powers.  This is fully met by the case of *People v. Colorado Title and Trust Company*, 65 Colo. 472, 178 Pac. 6, wherein the statute was held not to be in contravention of the Constitution in the respect named.

The due process clause is also invoked, although it is not pointed out how the act of the commission authorized by statute deprives any one of property without due process of law.  It is further objected that the power given to the commission is not within the police power of the state, and that if it were, it could be exercised only by the courts.  This is clearly not supported by authority or reason.  Laws like the one in question have been enacted in many of the states, and are clearly within the police power of the state.  That the plaintiff in error is prohibited from operating where the commission finds that electric service is adequately performed is no denial of his rights.  When he assumes to act as a public utility he submits to have his business regulated by public authority.  These propositions are too well established to require the citation of authorities.

Finding no error in the order of the commission, the judgment is affirmed.

MR. CHIEF JUSTICE SCOTT not participating.