No. 11,095.

PEOPLE, ex rel. UTILITIES COMMISSION *v.* CITY OF
LOVELAND.

Decided October 20, 1924.

Action to enjoin the construction of a municipal light
and power plant. Judgment of dismissal.

*Affirmed.*

### On Application for Supersedeas.

1.  MUNICIPAL CORPORATIONS—*Utilities Commission—Practice and Procedure.* Where the utilities commission refused a certificate authorizing a municipality to erect and operate a light and power plant, it is held that the city could ignore the ruling, and, without asking for a review by the Supreme Court, could raise the question of jurisdiction in any proceeding instituted by the commission to enforce its decision.

2.  *Constitutional Law—Utilities Commission.* In view of the provisions of section 35, article V, of the Colorado Constitution, the public utilities commission is without jurisdiction to interfere with the erection and operation of a light and power plant by a municipal corporation.

3.  *Light and Power Plant—Competition.* Because private capital has invested in a public utility, is no reason why a municipality may not provide a like utility for the benefit of its citizens, in competition with the private corporation.

*Error to the District Court of Larimer County, Hon. Neil
F. Graham, Judge.*

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for plaintiff in
error.

Mr. AB H. ROMANS, Messrs. PERSHING, NYE, FRY &
TALLMADGE, Mr. ROBERT G. BOSWORTH, Mr. W. W. GRANT,
JR., for defendants in error.

*En banc.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error, the Public Utilities Commission, brought suit in the name of the people to enjoin the city of Loveland from constructing a municipal electric light and power plant, alleging in its complaint that a certificate authorizing such construction had been refused by the Commission, and that it had directed the city not to begin work upon the same. A demurrer to the complaint was sustained, and the case is before us on error to a judgment dismissing the suit. A supersedeas is requested, but as the matter is of great public interest, and can readily be determined on this application, we shall decide the case on its merits.

It appears from the record that two members of the Commission—a majority thereof—requested the Attorney General to bring suit to prevent the construction of the plant, and that he refused so to do, on the ground that we had recently held, in *Town of Holyoke v. Smith,* 75 Colo. 286, 226 Pac. 158, that the Commission had no authority in the matter of local improvements.

The Commission appears here by the attorneys of the Public Service Corporation of Colorado, which, it is stated, is vitally interested in the question presented, as it owns and operates a lighting plant in Loveland with which a city plant would be in competition.

Objection is first made that defendant in error did not pursue the course prescribed by statute, and apply for a writ of review in this court. If, however, the Commission was without jurisdiction in the premises, the city of Loveland was at liberty to ignore the Commission's action, and raise the question of jurisdiction, as it did, when an attempt was made by the Commission to enforce its decision in a judicial proceeding. For the reasons which will subsequently appear, we find no force in this objection.

The briefs for plaintiff in error contain an extended discussion of the statute which creates the Commission and

prescribes its duties, with many citations of authorities supposed to be in point. It is said that the trial court regarded the Holyoke case as controlling. Counsel cite numerous cases to show that the decision in that case is wrong in holding that in fixing rates there can be no question of public welfare involved. We did not so hold. In the court's opinion it is pointed out that the question of public welfare was not so involved as to justify the charge that a finding in favor of the municipality was a denial of the state's right to exercise the police power.

We held, both upon principle and authority, that cities and towns were entitled to local self-government; and, further, that the right had been recognized by the makers of the Constitution in section 35 of article V, which reads as follows: "The general assembly shall not delegate to any special commission, private corporation or association, any power to make, supervise or interfere with any municipal improvement, money, property or effects, whether held in trust or otherwise, or to levy taxes or perform any municipal function whatever."

We held that the Public Utilities Commission was such a commission as was contemplated by this constitutional provision. That fact being established, it follows that any attempt by the Commission "to interfere with any municipal improvement, money, property or effects" was prohibited. An attempt by the legislature to grant to the Utilities Commission any power which it is thus prohibited from exercising is futile. It is unnecessary, therefore, to consider many of the matters discussed in the briefs. The Holyoke case was argued orally before the full bench, and careful consideration was given it by all the judges. On application for rehearing, it was again fully considered, and the original opinion adhered to. We are fully satisfied with the conclusions reached in that case. The principles there announced are controlling in the instant case, and the trial court was fully justified in sustaining the demurrer.

We have no criticism to make of counsel who represent

a corporation whose business will be in competition with that of the city plant. We are not, however, willing to assent to the proposition that, because private capital has invested in a public utility, a municipality may not lawfully and justly provide a like utility for the benefit of its citizens. To hold the contrary would be to assert that no competition in the furnishing of light, power, gas, water and kindred matters should be allowed, once a plant has been provided to supply any of them.

For the reasons above stated, the judgment is affirmed.