No. 10,935.

THE PEOPLE v. PIRIE, ET AL.

Decided December 7, 1925.

Action in injunction to restrain a public utility from operating in certain territory. Judgment for defendants.

*Affirmed.*

1. PUBLIC UTILITIES—*Commission—Jurisdiction.* On an application for a certificate of public necessity and convenience for furnishing electricity to the city of Idaho Springs, the public utilities commission exceeded its jurisdiction in denying the right to furnish light and power to consumers in territory outside of the municipal limits—if it intended so to do—as no such issue was involved in the application.

2.  APPEAL AND ERROR—*Constitutional Law.* The Supreme Court will
     decline to consider or decide constitutional questions not essen-
     tial to a determination of a cause pending before it.

*Error to the District Court of Clear Creek County, Hon.
Samuel W. Johnson, Judge.*

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. R. R.
CLOUD, Assistant, Mr. WILLIAM L. BOATRIGHT, Attorney
General, Mr. OTTO FRIEDRICHS, Assistant, for the people.

Messrs. SABIN, McGLASHAN & SABIN, for defendants in
error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is a writ of error to a judgment of the district court
in an action that grew out of the case of *Pirie v. Public
Utilities Commission,* 72 Colo. 65, 209 Pac. 640. We held in
this case that the findings of our public utilities commission
as to the right of an applicant for a certificate of public
necessity and convenience, under the provisions of the Pub-
lic Utilities Act of 1907, are binding upon a court of re-
view, that the act is not open to constitutional objections
on the alleged grounds that it confers upon the commission
judicial power, or that it is in contravention of the due
process law embodied in the Constitution of the United
States, or that it is not within the police power of the state.
The order of the utilities commission reviewed in that case,
and approved by this court, prohibited James Pirie and his
successors from doing any acts or things or exercising any
rights or privileges under a certain franchise which had
theretofore been granted to Pirie by the city council of the
city of Idaho Springs, Clear Creek county, and from ex-
tending his lines from Lawson, in that county, where he
then was doing business as a public utility, "into the ter-

ritory of Idaho Springs," within which territory defendant Pirie had not theretofore carried on operations or furnished service and within which territory the complainant, the Colorado Power Company, was then and theretofore had been operating and furnishing adequate service as a public utility to the public in such territory. After this decision was handed down Pirie and his successors extended their transmission lines from the town of Lawson to the town of Dumont, Clear Creek county, and, as the utilities commission claims, into the "territory" of Idaho Springs as established by its order. The people of the state of colorado as plaintiff, apparently on the relation of the public utilities commission, thereupon brought the pending action for a temporary and permanent injunction restraining Pirie and his successors from operating and furnishing service as a public utility "in the Idaho Springs territory contrary to the foregoing order of the public utilities commission."

It is contended here for the state by the Attorney General, that in the proceeding before the public utilities commission culminating in the order withholding the certificate asked for by Pirie, it had the power, and exercised it, not only of precluding Pirie and his successors from furnishing electricity to the residents of Idaho Springs but, in effect, prohibiting them from operating, or supplying electricity to consumers in any part of Clear Creek county in "the territory" of that city. The contention of the defendants is that in the application to the utilities commission for the required certificate there was sought permission entitling the applicant to furnish electricity only to the residents of the city of Idaho Springs, under a franchise or contract between applicant and the city, and that applicant did not at that time, or at any other time, seek or ask for a certificate of permission to supply electricity to the town of Dumont or to any person or corporation in Clear Creek county outside of the municipal limits of Idaho Springs. The district court in this injunction suit, held that in the original proceeding by the defendants for the certificate in question, they asked for and desired a certificate which, if

granted, would entitle them to furnish electricity as a public utility to the inhabitants of the city of Idaho Springs only, under the franchise which they held from that city, and that the franchise was limited to the territory included within the corporate limits of the city, and that the attempt of the commission to fix the boundary of what constitutes the Idaho Springs "territory", by extending it beyond the corporate limits, was beyond its jurisdiction and authority and, therefore, void. We think the district court was right in declaring void this order of September 21, 1923, if its scope is that which the commission now attributes to it.

It is doubtful, however, if the commission at the time intended to include in its order a denial of the right of the defendants to supply electricity to the inhabitants of the town of Dumont, or to any other town or to any consumer within Clear Creek county outside of the limits of Idaho Springs; but if it did intend so to order, or if the order is susceptible of such construction, it was not within the issues involved in the application, and it was in excess of the commission's jurisdiction in that proceeding, over the objection of the applicant, to determine any question not then before it. To the original application by the defendants for the Idaho Springs certificate objection was made by the Colorado Power Company which at the time, as held by the commission, was furnishing satisfactory service to the city and the certificate was refused. We are not now concerned with the denial order if it is restricted to Idaho Springs. As thus restricted it has been sanctioned by us in the case already cited. Assuming, therefore, that Pirie and his successors have not the right to supply the inhabitants of Idaho Springs with electricity, this is not equivalent to saying that they have no right to supply consumers elsewhere in "territory" outside of the municipal limits. The Colorado Power Company has not supplied, but it has refused to extend its service to, the town of Dumont and to other consumers in Clear Creek county outside the limits of Idaho Springs. We hold, therefore, that the district

court, in restricting the order of the commission to Idaho Springs, was right, and also right in refusing to enjoin defendants from supplying electricity to the consumers in Clear Creek county not within the limits of that city.

Counsel for defendants here urge us to pass upon the constitutionality of the public utilities statute which, it is said, withholds from the courts the power to review and pass upon questions of fact, and restricts them to questions of law only, in applications wherein are sought certificates of public convenience and necessity. In other words, the contention, which they press for decision now, is that the act violates the Fourteenth Amendment of the Constitution of the United States in that it deprives the owners of property of due process of law, and there are cited in support of their contention the following cases: *Ohio Val. W. Co. v. Ben Avon Borough,* 253 U. S. 287, 40 Sup. Ct. 547, 64 L. Ed. 908; *Truax v. Corrigan,* 257 U. S. 312, 42 Sup. Ct. 124, 66 L. Ed. 254, 27 L. R. A. 375; *Oklahoma Oper. Co. v. Lowe,* 252 U. S. 331, 40 Sup. Ct. 338, 64 L. Ed. 596; *Adams v. Tanner,* 244 U. S. 590, 37 Sup. Ct. 662, 61 L. Ed. 1336, L. R. A. 1917F, 1163, Ann. Cas. 1917D, 973; *Anton v. Van Winkle,* 297 Fed. 340; *Daton-Goose Creek Co. v. United States,* 263 U. S. 456, 44 Sup. Ct. 169, 68 L. Ed. 388, 33 A. L. R. 472; *Holyoke v. Smith,* 75 Colo. 286, 226 Pac. 158; *People v. Loveland,* 76 Colo. 188, 230 Pac. 399.

Counsel for defendants say that a decision should be made at this time in the interests of the general public and so that public utilities may be advised of their rights in transacting business. There is force in defendants' argument, but a decision as to the constitutional question urged, is not essential to a determination of the present controversy. Defendants' right to supply its customers or consumers in Clear Creek county outside of the limits of Idaho Springs is safeguarded by holding, as we do, that they are not prohibited from so doing by the order of the utilities commission upon which the state relies for an injunction in this action. If the order in question merely prohibits the defendants from doing business as an utility, and sup-

plying to consumers electricity only within the city of Idaho Springs, as we think is its meaning, or if the order is to be construed as operative in what the state pleases to call the "territory" of Idaho Springs beyond the limits of the city, we have already said it is invalid. The defendants' rights, therefore, are amply protected without considering or determining their claim that the statute is unconstitutional upon the ground asserted.

The judgment of the district court is affirmed.