## No. 13,555.

Highland Utilities Company *v.* Public Utilities Commission et al.

(46 P. [2d] 80)

Decided April 22, 1935.  Modified opinion filed and rehearing denied May 20, 1935.

1

Mr. LOWELL D. HUNT, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. RICHARD E. CONOUR, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

PLAINTIFF Highland Utilities Company, a private corporation, alleges that defendant is unlawfully seeking to compel plaintiff to continue to furnish to the town of Kit Carson, Colorado, electricity for street lighting and other purposes, as plaintiff had been furnishing for several years last past, although plaintiff has no inherent authority, and never was properly or at all vested with authority by the town or any other body, to do so. Plaintiff further alleges that the defendant commission, in furtherance of its said purpose, on its own motion, in a certain proceeding then pending before it involving the same questions, had made a finding and order against the plaintiff to the effect that as complaint had been made to it, the commission, that plaintiff proposes to abandon its service of furnishing electricity for light and power to the town of Kit Carson and vicinity, which for some years theretofore plaintiff had been furnishing, not in obedience to any obligation resting upon it to do so, but because it voluntarily chose to do so, and that defendant has

no power or supervising control over the plaintiff in the matter of furnishing electricity to Kit Carson or its inhabitants.

Before the present action was instituted in the district court, and in an appropriate statutory proceeding then pending before it, the defendant herein, the Public Utilities Commission of the state of Colorado, ordered the plaintiff herein to continue to render electric service to the public in the town of Kit Carson until lawful authority to cease such service had been received by plaintiff from the commission.

It further appears in the complicated record now before us that the defendant Public Utilities Commission has at all times been ready and willing to entertain any proper application of the plaintiff for permission to withdraw its service from the town of Kit Carson. And it also sufficiently appears therefrom that if the showing made therefor is legally sufficient, the appropriate relief will be granted by said defendant.

Since the passage by our general assembly of the Public Utilities Act, the power to ascertain and determine whether or not a public utility should or should not continue service to the public is possessed solely by the Public Utilities Commission, subject to review by the courts of the action of the commission. Bearing upon this question are the cases of *People, ex rel. v. Colorado Title & Trust Co.,* 65 Colo. 472, 178 Pac. 6; *Public Utilities Commission v. Town of Erie,* 92 Colo. 151, 18 P. (2d) 906, and *Denver & Salt Lake Ry. Co. v. St. Clair,* 94 Colo. 67, 28 P. (2d) 340. In *Denver & South Platte Ry. Co. v. Englewood,* 62 Colo. 229, 161 Pac. 151, this court in an elaborate opinion by Chief Justice Scott, held that our Public Utilities Commission has exclusive regulatory power over all service rendered to the public by the utilities throughout the state, including municipalities. The Supreme Court of the United States in the case of *Bullock v. State of Florida, ex rel.,* 254 U. S. 513, 41 Sup. Ct. Rep. 193, in affirming the decision in *State, ex rel. v.*

*Bullock,* 78 Fla. 321, 82 So. 866, 8 A. L. R. 232, in an elaborate and learned opinion has in effect reached a conclusion which is in accord with the decision of this court in the Englewood case, supra, and is authority for our conclusion in the present case. In *Pirie v. Public Utilities Commission,* 72 Colo. 65, 209 Pac. 640, we decided that when a public utility or body assumes to act as such it thereby in legal effect agrees to have its business regulated by public authority.

We have not attempted to consider and pass upon all of the questions which counsel have discussed, for our own previous decisions above cited, and the decisions of the Supreme Court of the United States, have announced conclusions which we have endeavored to summarize in this opinion.

Our former opinion herein is modified, petition for rehearing is denied, and judgment of the district court is affirmed.