No. 13,658.

WADE ET AL. *v.* STATE OF COLORADO.
(47 P. [2d] 412)

Decided May 6, 1935. Rehearing denied July 1, 1935.

Mr. Benjamin C. Hilliard, Jr., Messrs. Barker & Webster, for plaintiffs in error.

Mr. Paul P. Prosser, Attorney General, Mr. Oliver Dean, Assistant, for the state.

Mr. C. M. Somerville, Mr. C. H. Beeler, Mr. J. P. Deatherage, Mr. M. M. Bulkley, Mr. Charles A. Petrie, Messrs. Chutkow & Atler, Mr. Clayton C. Dorsey, Mr. Horace N. Hawkins, Messrs. Phelps & Gobin, amici curiae.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

On January 16, 1934, the state of Colorado, as plaintiff, filed its complaint in the district court against the Denver Union Oil Company, a corporation, Irma L. Nance and L. J. Wade, as defendants. Reference will be made to the parties herein as the state, the oil company, Wade and Nance or defendants.

The undisputed facts are substantially as follows: On May 22, 1933, the defendant oil company made written application to the state treasurer for a license to operate as a distributor of motor fuel, under chapter 140, Session Laws of 1933, commonly called the Motor Fuel Act. As provided in said act, the oil company, on May 29, 1933, filed with the state treasurer its surety bond, signed by defendants Wade and Nance, as sureties. The bond was in the principal sum of $4,420, in favor of the state of Colorado, which obligation was conditioned upon the principal paying to the state all taxes and penalties due or to become due it, under the Motor Fuel Act, the term of the obligation to begin May 20, 1933. On May 29, 1933, the state treasurer approved the bond and the sureties thereon and issued a distributor's license as applied for. During the time this bond was in full force and effect in the months of October and November, 1933, the distributor received and distributed certain quantities of gasoline upon which a tax of four cents per gallon became due the state which, after written demand by the state, the oil company failed to pay. This suit was instituted by the state against the oil company and the sureties on its bond, to recover the tax. The case was submitted to the court without evidence, it being stipulated that if the court determined the Motor Fuel Act to be constitutional then judgment should be entered against the defendants for the amount of the tax and penalties. Such was the determination by the court, and judgment was accordingly entered in the sum of $2,921.48 and costs.

The defendants seek reversal based upon the contention that the Motor Fuel Act contravenes certain of the provisions of the Constitution.

So much of section 2, paragraph (a), chapter 140, Session Laws, 1933, as is pertinent, follows: ''An excise tax of four cents (4c) per gallon or fraction thereof is hereby imposed and shall be collected on all motor fuel sold, offered for sale or used in this State for any purpose whatsoever; * * *.''

Section 5, paragraph (d), of the act so far as applicable to the instant case, reads: ''Every distributor who sells any motor fuel for any purpose shall collect from the purchaser the amount of excise tax thereon and any and all sums of money paid by the purchaser to the distributor as motor fuel taxes shall be and remain public money the property of the State of Colorado in the hands of such distributor and he shall hold the same in trust for the sole use and benefit of the State of Colorado until paid to the State Treasurer as herein provided. * * *.''

██ In their attack upon the constitutionality of the act imposing the tax, the oil company, as distributor, or its sureties, are as strangers to the question. They would receive no benefit, neither would they suffer any injury by or through a holding of the validity or invalidity of the act. In the tax collected by them, they could acquire no interest requisite to a right to successfully object to the imposition of the tax. That requisite obtains to one who first protests and then pays the tax. Defendant sought and obtained a privilege under the statute, claimed existence thereunder, as a distributor, and now attacks the law that fostered it. As against purchasers, it enforced the statute with impunity. We fail to conceive any equitable principle which would permit one to repudiate a statute, after sanctioning it, by applying for and receiving a privilege thereunder, especially where, under the faith of a bonded obligation, he has been allowed to collect a tax, which, although claiming the act to be unlawful, he thereafter seeks to retain. As to the funds

collected in this case, the oil company became the trustee, until they were paid to the state treasurer.

It may be said that the matter of the determination of the constitutionality of the act involved is one of public interest and that it is desirable that such determination be had; however, such does not afford a sufficient reason when the question is presented as an abstract legal proposition the determination of which is unnecessary to a decision of the case pending.

From what already has been said, it is apparent that the matter before us can be fairly and justly determined without a consideration of the validity of the act. This being true, the case must fall within the well established rule adopted by this court, that it will not pass upon the constitutionality of a statute unless necessary for a determination of the case, especially when proper disposition can be made of it upon other grounds. *Gale v. Statler,* 47 Colo. 72, 105 Pac. 858; *People v. Pirie,* 78 Colo. 361, 242 Pac. 72; *Mountain States Ass'n v. Monroe,* 84 Colo. 300, 269 Pac. 886; *People v. District Court,* 87 Colo. 316, 287 Pac. 849.

On the admitted facts, the state was entitled to a judgment in the amount prayed for, without a consideration of the constitutional questions presented. In this respect, the judgment as entered is affirmed.

MR. JUSTICE CAMPBELL not participating.

*On Rehearing.*

MR. JUSTICE HOLLAND.

Upon application for rehearing, which is denied, plaintiff in error contends that the stipulation upon which judgment was entered is inoperative because this court declined to pass upon the constitutionality of the act, it being stipulated in the lower court that if the act was constitutional, judgment should be for the state. We hold this contention untenable. The lower court held the

act to be constitutional and entered judgment as per the stipulation. It was then incumbent upon the party against whom it was stipulated the judgment was to be entered to advise the court of the correct amount for which judgment should be entered or request a hearing on that question. However, no person, through such an inadvertence as could arise in this case, should be compelled by a judgment to pay more than is justly due. If the amount of the judgment is thus erroneous, and the plaintiff in error requests a hearing on the question of the amount due, such request should be granted and the trial court make such determination.