No. 14,275.

RINN v. BEDFORD, STATE TREASURER, ET AL.
(... P. [2d] ...)

Decided May 31, 1938.   Rehearing denied July 11, 1938.

Mr. HORACE N. HAWKINS, Messrs. RINN & CONNELL, Mr. CARL W. BERUEFFY, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. ELMER P. COGBURN, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS action was commenced in the district court under our Uniform Declaratory Judgments Act for the purpose of obtaining a judgment declaring unconstitutional the Public Revenue Service Tax Act of 1937. A general demurrer interposed by the defendant state treasurer to the complaint of the plaintiff Rinn was sustained and the case dismissed. Plaintiff asks for a reversal.

As in other matters, declaratory judgments may be rendered in cases seeking to invalidate statutes on constitutional grounds. However, in a long line of such cases decided before the General Assembly authorized declaratory judgments, certain fundamental principles were settled by this court and these principles still govern.

First, it is necessary to show the unconstitutionality beyond a reasonable doubt. *Consumers' League v. Colorado & S. Ry. Co.,* 53 Colo. 54, 125 Pac. 577, and cases cited. Secondly, no person is entitled to assail the constitutionality of a statute except as he himself is adversely affected. *Cavanaugh v. People,* 61 Colo. 292, 157 Pac. 200. Thirdly, the attack must be restricted to such matters as are necessarily involved in the particular case. Compare: *Cavanaugh v. People, supra; People v. Pirie,* 78 Colo. 361, 365, 242 Pac. 72, 73. By the application of these principles much of the argument against

the constitutionality of the act in question is eliminated. A considerable part of the argument partakes of the nature of discussion as to whether the policy represented by the act is good or bad, a matter with which the courts have nothing to do.

Starting out, therefore, with the usual presumption in favor of validity, we must ascertain whether the facts alleged in the complaint are sufficient to overcome that presumption beyond a reasonable doubt.

The complaint in its present form alleges, among other things, that the plaintiff is a citizen and taxpayer of the city of Boulder in Boulder county and a duly licensed attorney at law; that he is a continuous user of the services rendered and performed for him by others, subject to levy, imposition, and payment of such taxes in Boulder county and as such user has paid said taxes under protest; that the defendant state treasurer "is now engaged in enforcing said Act and its provisions, and demanding and * * * compelling plaintiff to make collections of alleged service taxes * * * from clients and others dealing with, employing and compensating plaintiff as an employer or employee, wherein services are rendered or performed, in Boulder County, Colo., and under penalty of fine or imprisonment or both, for failure to comply in any respect with each and all of the provisions of said Act, and as so affecting plaintiff in such capacity in the past, now and in the future."

The Public Revenue Service Tax Act of 1937, being chapter 240, S. L. '37, pages 1144-1168, provides in section 5 as follows:

"From and after the effective date of this act there is hereby levied and imposed upon the services specified in this act and measured by the amount paid therefor and there shall be collected and paid: * * *

"(c) A tax equivalent to two (2) per cent of the value of services rendered or performed by any person engaging in business of a professional, technical or scientific

nature, where services are rendered or performed on a fee basis, or for consideration in the nature of a retainer, including but not limited by * * * attorneys-at-law * * *."

At the outset we meet with the contention that the act is void for uncertainty. The act went into effect on May 14, 1937. The public officials charged with its enforcement seem to have had no difficulty in ascertaining its reasonable meaning, either as to the tax imposed upon attorneys at law or as to the methods to be employed in its collection. We do not find any fatal uncertainty in any portion of the act which the plaintiff has a right to question in view of all the allegations of his complaint, as amended.

In the exaction of the tax on services rendered to or for the plaintiff by others he of course has no concern and he cannot raise constitutional questions thereon. That the price charged him for such services of others is fixed by the addition of the amount of the tax or of any other factor does not entitle the plaintiff to complain. He may take the service as offered or he may leave it.

We consider next the question whether the act may lawfully require the plaintiff as an attorney at law to collect the tax from those for whom he himself performs services. The argument that he is thereby unlawfully constituted a collector of taxes against his will, and that the compensation provided for the collection is inadequate and confiscatory, must fall, for there is no distinction in principle between such collection and the collection, for instance, of a gasoline tax, which is collected by the seller from the purchaser as part of the purchase price and thereupon turned over to the government. That the tax under consideration is a service tax and the other a sales tax can make no material difference. Both are excise taxes. Their creation is within the plenary power of the General Assembly, in the absence of specific constitutional inhibitions. The serv-

ice tax is certainly not a property tax, as claimed by the plaintiff, and consequently constitutional provisions which, like section 11 in article X of the Colorado Constitution for instance, safeguard the rights of private property are not in point. The method of collection is not shown to be unlawful, in fact it seems the only practical method; but this again is purely a matter of policy left by our Constitution to the discretion of the legislative branch of our state government. The wisdom or unwisdom of the legislation is not for us to decide.

A few of plaintiff's other arguments will be briefly discussed. The title of the act is said to contravene section 21 in article V of the Colorado Constitution because it does not clearly express the subject covered. That title is "an act providing for additional public revenue." It has the prime merit heretofore expressly commended by this court, namely, that of being general and comprehensive, rather than being excessively analytical or constituting a mere catalogue or list of subtitles or secondary subjects. *Car Co. v. Armstrong,* 91 Colo. 334, 14 P. (2d) 1098. The matter of providing in detail the process of collecting the additional revenue is clearly included within, and germane to, the connotation of the general title. Plaintiff further contends that the service tax is unconstitutional because it is unreasonable, arbitrary and capricious and imposes taxes which are not uniform upon the same class of subjects, does not apply to persons receiving a salary for services, and exempts such salaries and persons from tax imposition and contravenes the uniformity provision of section 3 in article X in the Colorado Constitution. These contentions are without merit. The exemptions are apparently based upon legitimate legislative classification of which the plaintiff cannot complain. Indeed, as to salaries to which he himself may be entitled, the plaintiff's situation would be exactly that of any other member of the class so excepted in this regard. It is also said that the act contravenes section 3 in article II of the Colorado

Constitution by depriving the plaintiff of property and personal rights recognized thereunder, and that the act similarly contravenes section 25 in article II in the Colorado Constitution and section 1 in the Fourteenth Amendment of the Constitution of the United States, as well as the Fifth Amendment thereof, inhibiting the taking of life, liberty or property without due process of law. The propositions already laid down lead to the corollary that these constitutional provisions are not shown to be violated. For like reasons we hold that there is no contravention of section 15 of article II of the Colorado Constitution, forbidding the taking of property without just compensation. The scope and validity of section 18 of the act, which prescribes certain fines and jail imprisonments as penalties for misdemeanors defined and declared in the act, are not involved under the allegations of the present complaint. Neither do its allegations entitle the plaintiff to raise an issue as to whether the act unlawfully makes him personally liable for payment of the tax by those he serves, in alleged contravention of section 3 in the Thirteenth Amendment of the Constitution of the United States, or as to whether the act is in contravention of section 12 in article II of the Colorado Constitution, which prohibits imprisonment for debt. The objections based upon the provisions for issuance of licenses by the defendant treasurer are aside from the questions properly before us, since under their express terms they could not apply to the plaintiff, who has been duly licensed as attorney at law by this court under other pertinent legislation.

Careful consideration has been given to all the contentions of the plaintiff, but we cannot, under the allegations of his pleading, sustain any of them. The district court was right in sustaining the demurrer to the complaint, as amended, and in dismissing the case.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HOLLAND dissent.