## No. 14,970.

### Potter *v.* Armstrong, Treasurer.
(132 P. [2d] 788)

Decided December 14, 1942.

Mr. B. F. Reed, for plaintiff in error.

Mr. Gail L. Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. George K. Thomas, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THE questions involved in this review relate to the liability of plaintiff in error for the payment of service taxes under the provisions of chapter 240, S.L. 1937, and chapter 158, S.L. 1939. Both acts are involved by the circumstance that an undisclosed portion of the tax in controversy allegedly accrued under the 1937 act and the remainder under that of 1939. The action was instituted by defendant in error state treasurer against plaintiff in error, to whom we shall refer hereinafter as the defendant. After asserting that the treasurer was charged with the duty of enforcing the provisions of the above laws, it is set forth in the complaint that defendant, who is a lawyer although such is not alleged, had performed services of a professional nature upon a fee basis within the state, during a period ending May 31, 1939, for considerations in the gross amount of $1449.71; that by reason of the statutes aforesaid, there had become "due on account thereof, a service tax of two per cent or the sum of $29.00, which the said defendant as required by said Public Revenue Service Tax Act of Colorado has failed, neglected and refused and still fails, neglects and refuses to collect from the beneficiaries and remit to the Treasurer of the State of Colorado; that the said defendant by reason of his failure, neglect and refusal to remit said tax as aforesaid by virtue of said service tax acts of the State of Colorado, became and now is subject to penalties and interest thereon; that said penalties and interest thereon amount to the sum of eight and 88/100 dollars ($8.88), and that there is now due and owing the State of Colorado on account of the aforesaid, the sum of thirty seven and 88/100 dollars ($37.88) * * * that demand has been made upon the said defendant for said sum and the same refused, and that defendant does now continue to refuse to pay said sum, or any part thereof."

It is further alleged in the complaint that notwith-

standing defendant has continued to practice his profession since May 31, 1939, and has received fees in connection therewith, he has remitted no tax thereon and has failed to make returns to the treasurer showing the amounts of taxable service so performed and that by reason thereof, without an accounting, the treasurer is unable to ascertain the amount of the tax due the state. The prayer of the complaint was for judgment for $37.88 with interest and for an accounting. The answer, which incorporated a general demurrer as the first defense, admitted the performance of professional services in the amount alleged by the complaint; the demand for the tax and defendant's refusal to collect the same from the recipients of his service, or pay the same to the state, and by way of conclusion denied his liability therefor under the statute. The third defense alleged that the provisions of the Service Tax Acts purporting to compel the defendant to act as collector of taxes for the state treasurer, were unconstitutional and void because of violations in such particular of the provisions of sections 3, 7, 25 and 26 of article II of the Colorado Constitution, and section 1, article XIII, and section 1, article XIV of the Constitution of the United States.

The attorney general appearing for the treasurer, demurred "to the answer * * * and particularly to the third defense thereof" for the reason that the same did not state facts sufficient to constitute a defense. The demurrer was sustained and upon defendant's election to stand on his answer, judgment was entered against him for $37.88 and interest. No judgment was entered with respect to the accounting sought by the complaint and hence no occasion arises for any expression from us as to the availability to the state of such remedy in the circumstance alleged.

Section 5(e) of the acts, the validity of which is not challenged, expressly provides that professional services rendered by attorneys at law shall be taxable. Also pertinent to the controversy are the following provisions

of the service tax acts: Section 6, 1937 act (Subdivision [a], 1939 act): "Every person rendering or performing services shall be liable and responsible for the payment of the entire amount of the said two (2) per cent tax imposed and payable upon his total taxable services rendered or performed, and shall, before the fifteenth day of each month make a return to the state treasurer for the preceding calendar month, and remit all taxes collected and due the state from him, to the state treasurer, less three (3) per cent thereof to cover the expense of the person rendering or performing services in the collection and remittance of said tax. * * * "

Section 2, subdivision (e) (1937 and 1939 acts): "The term 'taxpayer' shall mean any person obligated to account to the state treasurer for taxes collected or to be collected or due the state under the terms of this act."

Section 2, subdivision (f) (1937 and 1939 acts): "The term 'tax' means either the tax payable by the person procuring or for whose benefit a service is rendered or performed subject to tax, or the aggregate amount of taxes due from the person rendering, performing or furnishing services during the period for which he is required to report his collections, as the context may require."

In case of the failure of the person performing the taxable services to remit, the law (section 12 [b]) provides that the treasurer on the basis of the information available to him may make an assessment of the tax against the party so failing to remit, and further provides that in the event the delinquency continues for a period of ten days thereafter, the assessment shall become final unless the delinquent taxpayer shall file a petition for a revision or modification of such assessment with the treasurer within such period.

In addition to other provisions for the collection of the tax, section 12 (g) of the 1939 act provides that: "The state treasurer may also treat any such taxes, penalties or interest due and unpaid as a debt due the

state from the vendor. In case of failure to pay the tax, any portion thereof, or any penalty or interest thereon when due, the state treasurer may recover at law the amount of such taxes, penalties and interest in such justice, county or district court of the county wherein the taxpayer resides or has his principal place of business having jurisdiction of the amounts sought to be collected. * * *."

In the 1937 act, section 12, second paragraph, the antecedent to the first sentence above quoted, reads: "The state treasurer may also treat such taxes due and unpaid as a debt due the state from the person rendering or performing services."

Counsel concedes that as pertaining to the controversy here there is no substantial difference between these two provisions.

Thus, the state of the record being as aforesaid, the only question for decision is whether, the statute and constitutional limitations considered, the state may recover the tax on taxable services of an admitted value, from the person performing such and who has been paid therefor but has refused to collect the tax from the recipient of the service? We are satisfied that in all major particulars this question has been resolved adversely to the contentions of defendant by previous decisions of this court. In *Rinn v. Bedford,* 102 Colo. 475, 84 P. (2d) 827, we held that the provisions of the Service Tax Act requiring "an attorney at law to collect a tax from those for whom he himself performed services" were constitutional, and that as to such feature of the statute, as well as other portions thereof challenged by the pleadings in that case, there were no transgressions of sections 3 or 25, article II of the Colorado Constitution, nor of section 1, article XIV of the United States Constitution. Because of deficiencies in the allegations of the pleadings in *Rinn v. Bedford, supra,* no decision was made upon the "issue as to whether the act unlawfully makes him personally liable for payment of the tax by

those he serves, in alleged contravention of" the federal and state Constitutions. Subsequently this question was answered adversely to defendant's contention, in *Bedford v. Colorado National Bank,* 104 Colo. 311, 91 P. (2d) 469; (*Colorado National Bank v. Bedford,* 105 Colo. 373, 98 P. (2d) 1120, affirmed in 310 U.S., 41, 60 Sup. Ct. 800, 84 L. Ed. 1067), wherein the opinion recites: "While the bank [the performer of the services] is liable to the state for the tax, the act itself is so worded that the bank does not carry any of the tax burden unless it refuses to comply with certain terms of the act. To that extent, as applied to the bank, it is a 'taxpayer' within the meaning of section 2 (e), supra, and the liability is a 'tax' within the meaning of section 2 (f), supra." It is further to be observed that this case reiterates that the requirement of the statute that the performer of the service collect and pay the tax to the treasurer is not violative of constitutional guarantees. In affirming our decision the United States Supreme Court, inter alia, said: "The tax being a permissible tax on customers of the bank, it is settled by our prior decisions that the statutory provisions requiring collection and remission of the taxes do not impose an unconstitutional burden on a federal instrumentality. Especially is this true since the bank under the Colorado act is allowed three per cent of the tax for the financial burden put upon it by the obligation to collect." Thus, in the light of defendant's admitted refusal to comply with the terms of the act, liability for the tax may be imposed upon him directly as a taxpayer. Admittedly the statutory procedure for the assessment of the tax against the defendant was followed. In such circumstance, when the assessment became final, a debt due the state from defendant was created by operation of law and under the express provisions of the act hereinabove mentioned the treasurer was within his discretion in bringing the court action herein involved.

As authority for his position the defendant relies prin-

cipally upon *Opinion of the Justices,* 88 N.H. 500, 190 Atl. 801, wherein it was announced by the majority, that the provisions of a proposed act of the New Hampshire legislative body imposing the duty of collecting a sales tax upon the seller without adequate compensation "would be in derogation of due process as a confiscatory deprivation of his rights of equality." This case possibly may be distinguished by the fact that the Colorado act *does* provide for compensation to the performer of taxable services for the collection of the tax, but in any event the decision seems to stand alone in this field of adjudication in opposition to the holding of courts of last resort in many other jurisdictions, which uniformly are in harmonious accord with the views on the subject in question expressed by us in *Rinn v. Bedford,* and *Bedford v. Colorado National Bank, supra.* See, *Johnson v. Diefendorf,* 56 Ida. 620, 57 P. (2d) 1068; *Morrow v. Henneford,* 182 Wash. 625, 47 P. (2d) 1016; *State ex rel. Rice v. Allen,* 180 Miss. 659, 177 So. 763; *Blauner's Inc. v. City of Philadelphia,* 330 Pa. 342, 198 Atl. 889; *Tanner v. State,* 28 Ala. App. 568, 190 So. 292; *Rush v. Brown,* 187 Okla. 97, 101 P. (2d) 262. The same conclusion has been reached in the federal courts. *Ranier National Park Co. v. Martin,* 18 Fed. Supp. 481, 23 Fed. Supp. 60, 302 U.S. 661, 58 Sup. Ct. 478, 82 L. Ed. 511.

The judgment is affirmed.