Merrimack,
No. 4901.

SUN OIL COMPANY

*v.*

FREDERICK N. CLARKE, *Commissioner.*

Argued March 7, 1961.

Decided April 4, 1961.

*Eliot U. Wyman* and *Booth, Wadleigh, Langdell, Starr & Peters* (*Mr. Langdell* orally), for the plaintiff.

*Gardner C. Turner*, Attorney General, and *William J. O'Neil*, Assistant Attorney General (*Mr. O'Neil* orally), for the defendant.

DUNCAN, J.   Prior to the amendment of 1959, the road tolls imposed by RSA ch. 265 aggregated six cents per gallon. Laws of 1959, *c.* 154 added a new section (5-b) to the chapter which imposed a "superadded" toll of one cent per gallon, effective July 1, 1959. It is this toll which gives rise to these proceedings.

Section 4 of chapter 265 provides for "a road toll . . . upon the sale of each gallon of motor fuel sold by distributors thereof" to be "collected by the distributor from the purchaser and remitted to the state in the manner hereinafter set forth." Section 10 provides that "for the purpose of determining the amount" of the toll, each distributor shall make a monthly return showing "the total number of gallons sold and used in the state during the previous calendar month." The section further provides that any distributor who elects to do so may "use as the measure of gallonage sold or used . . . the gross quantity . . . imported" by him, less shrinkage.

It is under the last quoted provision of section 10 that the plaintiff customarily made its returns, including those covering the months of June and July 1959.

The provision for a return and payment of the tax upon the basis of "gross quantity . . . imported" became a part of the statute in 1931 (Laws 1931, *c.* 159, *s.* 2) and has since remained effective over a period which has seen the toll increased by successive stages to seven cents. Laws 1943, *c.* 65, *s.* 1, *par.* 3; Laws 1951,

*c.* 83, *s.* 9; Laws 1957, *c.* 273, *s.* 1; Laws 1959, *c.* 154, *s.* 2, *supra.*
Under the present law a "supplemental" toll of one cent first
imposed in 1951 will expire as of July 1, 1966. RSA 265:7.

The defendant correctly maintains that the gasoline tax collected
through distributors of gasoline is a road toll, imposed as recompense
for the use of the highways. *Tirrell* v. *Johnston,* 86 N. H. 530.
See N. H. Const., Pt. II, *Art.* 6-a; *Opinion of the Justices,* 81 N. H.
552; *Opinion of the Justices,* 94 N. H. 513; *Savin Company* v.
*Clarke,* 97 N. H. 86, 88. It is no less a toll upon the user of the
highways by reason of the fact that it is collected by the gasoline
distributor. *Monamotor Oil Co.* v. *Johnson,* 292 U. S. 86, 95-96.
From this premise the defendant argues that since the plaintiff is
a collector of the toll from the motorists and thereby in effect an
agent of the State for the purpose (see *Opinion of the Justices,* 88
N. H. 500, 503-504), it is under an obligation as agent to account
to the State for the "extra cent" collected in July 1959 upon
gasoline imported in June, even though such gasoline was not
subject to the extra cent tax when imported.

We have difficulty in finding a basis for this contention in the
statute. The plaintiff was liable for a tax of six cents with respect
to gasoline sold and used by it in June 1959. Its liability was
required to be determined according to a return showing "the total
number of gallons sold and used" in June, and at its election it
might use as "the measure of the gallonage sold or used" the gross
quantity imported in June. RSA 265:10, *supra.* When it paid a
tax of six cents measured by June imports, whether actually sold
in that month or not, the payment extinguished its liability with
respect to "gasoline sold or used" in June.

The tax which the defendant asserts is due relates to gasoline
sold on or after July 1, 1959. The plaintiff paid the tax upon
gasoline sold by it in July (measured by the amount which it
imported in July) at the effective July rate of seven cents a gallon.
This was the full amount due on account of July sales, and
extinguished its obligation for that month.

If in consequence of the use of import figures the State was not
paid at the seven-cent rate for the gallonage in fact sold by the
plaintiff in July the discrepancy was one contemplated by the
statute. It would result only because the plaintiff imported less
gasoline than it sold in that month. So far as the record reveals
the plaintiff may have imported more than it sold in that month.
Whatever the case, the plaintiff could ultimately sell no more

gasoline than it "purchased, imported [or] produced," so that ultimately it necessarily paid a seven-cent tax upon all gasoline in fact sold in July 1959.

The theory that the tax collected by the distributor must be held by him in trust for the State is one which cannot be adopted because inconsistent with the statutory provisions. *Cf. Wade* v. *State*, 97 Colo. 52. The statutory permission to account upon a basis of purchases or imports rather than actual sales belies any concept of a trust *res* consisting of seven cents out of the price collected for each gallon sold.

The argument that there is an "extra cent" to be accounted for by the plaintiff because in July it collected a tax of seven cents upon gasoline imported in June upon which it paid a tax of only six cents, ignores the practical workings of the statute. The six-cent tax paid for June was on account of gasoline sold in June — even though measured by June imports. The seven-cent tax collected in July was on account of gasoline sold in July even though imported in June. It was paid to the State at the seven-cent rate upon gallonage measured by July imports. No "extra cent" on account of June or July sales remained for the plaintiff to account for.

The record contains no evidence of departure from the requirements of the statute. Had the Legislature intended the "superadded" cent to be imposed not only with respect to gasoline used and sold in July but also with respect to gasoline held in storage on July 1 it is fair to assume that it would have found a way to indicate its intention. It is more probable however that there was reason not to impose the tax because of gasoline in storage, since the tax would be later levied with respect to the same gasoline upon its sale.

We are content to believe that practical difficulties which accounted at the outset for collection of the toll through the distributor (*Tirrell* v. *Johnston, supra*, 536, 537) likewise inspired the 1931 provision permitting the distributor to account for the toll upon a basis of imports rather than actual sales. The record indicates that the statutory method has been followed to the letter. Accordingly, we hold that the plaintiff is entitled to the relief sought by its petition.

*Judgment for the plaintiff.*

All concurred.