UNION RURAL ELECTRIC ASSOCIA-
TION, INC., Plaintiff-Appellant,

v.

The TOWN OF FREDERICK, Colorado,
Board of Trustees of the Town of Fred-
erick, Colorado, Holly Hall, Beulah
Meeker, John DiGregoria, Paul DiPaolo,
Emilio Ruscitti, Deryl Collier, and Car-
men DeSantis, as Mayor and Members
of the Board of Trustees of the Town of
Frederick, Colorado, Defendants-Appel-
lees.

No. 80CA0511.

Colorado Court of Appeals,
Div. I.

Feb. 26, 1981.

Rehearing Denied March 19, 1981.

Certiorari Granted May 26, 1981.

Walker Miller, Greeley, for plaintiff-ap-
pellant.

Leroy Pete Goter, Frederick, for defend-
ants-appellees.

Robert T. James, Colorado Springs, for
amicus curiae Mountain View Elec. Assn.,
Inc.

John J. Conway, Denver, for amicus curi-
ae Colorado Rural Elec. Assn.

Susan K. Griffiths, Wheatridge, for ami-
cus curiae Colorado Mun. League.

PIERCE, Judge.

Plaintiff, Union Rural Electric Association, Inc., (Union Rural) appeals from the trial court's order denying it injunctive relief against defendant Town of Frederick (Frederick). We affirm.

Union Rural is a public utility possessing a certificate of public convenience and necessity which authorizes it to furnish electricity to the service area designated in the certificate.

Frederick operates its own electrical power system within its municipal boundaries. Part of Union Rural's certificated area was annexed by Frederick, which has extended electrical service to this annexed area. Frederick does not seek to acquire Union Rural's facilities or to prevent it from continuing to provide electricity to its present or potential future customers.

Union Rural sought to enjoin Frederick from continuing to serve the annexed area. The trial court denied injunctive relief, and this appeal followed.

### I.

Plaintiff contends that its certificate of public convenience and necessity grants it an exclusive right to provide electricity to its entire service area and that, therefore, defendant could not extend electrical service to any part of plaintiff's certificated area. We disagree.

■ Once an area has been certificated by the Public Utilities Commission (Commission) to one public utility, the Commission may not certificate another public utility to serve that area until a showing is made that the certificated utility is either unwilling or unable to serve an existing or a newly-developing load. *Public Utilities Commission v. Home Light & Power Co.,* 163 Colo. 72, 428 P.2d 928 (1967). *See* § 40–5–101, C.R.S.1973. To this extent, plaintiff's certificate is exclusive.

■ However, the exclusivity of a utility's certificate only precludes competition from other public utilities operating under the jurisdiction of the Commission, and does not prevent a municipality from providing public utility services within its boundaries.

*See City of Loveland v. Public Utilities Commission* , 195 Colo. 298, 580 P.2d 381 (1978). *See generally, Colo.Const.* Art. V, Sec. 35. A municipality may provide electrical service within its boundaries without a certificate of public convenience and necessity, although in doing so it enters into competition with a certificated public utility. *People ex rel. Utilities Commission v. City of Loveland,* 76 Colo. 188, 230 P. 399 (1924).

■ Since Frederick extended electrical service within its municipal boundaries, the trial court did not err in denying injunctive relief to plaintiff. *See People ex rel. Utilities Commission v. City of Loveland, supra.*

### II.

■ Union Rural asserts that if Frederick intends to provide electricity to the annexed area it must condemn plaintiff's property, since competing with plaintiff is tantamount to a taking of its property without just compensation. We disagree.

Although an electrical plant is subject to a municipality's power of eminent domain, *see Colo.Const.* Art. XV, Sec. 8, and *Public Service Co. v. City of Loveland,* 79 Colo. 216, 245 P. 493 (1926), competition by a municipality with a certificated public utility does not necessarily constitute a taking of property requiring compensation. *United States Disposal Systems, Inc. v. City of Northglenn,* 193 Colo. 277, 567 P.2d 365 (1977).

In *Knoxville Water Co. v. City of Knoxville,* 200 U.S. 22, 26 S.Ct. 224, 50 L.Ed. 353 (1906), the United States Supreme Court held that a city that had granted an exclusive franchise to a water company to maintain a waterworks system within the city did not take the company's property by constructing and maintaining its own waterworks system. The exclusive nature of the company's franchise there did not prohibit the city from erecting a separate waterworks system itself, and such activity did not require the city to compensate the water company for any diminution in the value of the company's franchise. *Knoxville Water Co. v. City of Knoxville, supra.*

Since the monopolistic attribute of Union Rural's certificate applies only to other public utilities operating under the jurisdiction of the Commission, plaintiff's expectation of exclusivity is not impaired when a municipality enters into competition with it. *See Knoxville Water Co. v. City of Knoxville, supra.*

Therefore, since plaintiff is free to continue providing service to its present and potential future customers to the exclusion of any other public utility operating under the jurisdiction of the Commission, the trial court correctly held that Frederick's activity did not constitute a taking of Union Rural's property. *See United States Disposal Systems, Inc. v. City of Northglenn, supra.*

We have examined plaintiff's other contentions of error and find them to be without merit.

Judgment affirmed.

COYTE and KELLY, JJ., concur.