No. 22371.

ROBERT E. CROWE, HELEN K. MUELLER, ELDON L. CULL, LORRAINE P. CROWE, ROBERT FERGUSON, DONNA M. FERGUSON, AND WILLIAM C. RUSSELL, JR., ON BEHALF OF THEMSELVES AND ALL OTHER PERSONS SIMILARLY SITUATED v. BEVERLY WHEELER, NEAL PINE, ROBERT CROW, CHARLES A. ANDERSON, JR., DOWELL BLAKE, MORRIS STEEN AND MILDRED BLAKE, INDIVIDUALLY AND AS MEMBERS OF THE BOARD OF EDUCATION OF GILPIN COUNTY SCHOOL DISTRICT NO. RE-1, IN THE COUNTY OF GILPIN, STATE OF COLORADO; F. MORGAN GRAY, INDIVIDUALLY AND AS THE COUNTY CLERK AND RECORDER OF GILPIN COUNTY, STATE OF COLORADO; AND GILPIN COUNTY SCHOOL DISTRICT NO. RE-1 GILPIN COUNTY, COLORADO, A BODY CORPORATE.

(439 P.2d 50)

Decided March 25, 1968.

ALBERT B. DAWKINS, ROBERT E. HOLLAND, RICHARD D. GILSON, for plaintiffs in error.

RAYMOND J. CODY, JOHN W. LENTZ, for defendants in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

ALLEGING that conflicting opinions had been circulated regarding the qualifications required of voters at a school bond election scheduled for December 18, 1965, the plaintiffs in error on December 14, 1965 filed a complaint and petition seeking an injunction against proceeding with the election and also a declaratory judgment defining the voting qualifications. This school bond election had been called by School District No. RE-1 of Gilpin County, Colorado.

The plaintiffs described themselves in their complaint and petition as "potential voters" and representative of a class so numerous as to make it impracticable to bring them all before the court. They alleged that uncertainty and confusion has resulted from the conflicting opinions, including two by attorneys, causing a situation where "persons who may be entitled to vote at said election will be disfranchised and persons who may not be entitled to vote at said election will, nevertheless, cast ballots thereat and the election and the bonds issued pursuant thereto will be void."

Two examples of the conflicting opinions of the two attorneys were attached as exhibits to the complaint and petition. The opinion of one of the attorneys was incorporated in an article captioned "Vote Qualifications and Information" in a local newspaper published Decem-

ber 13, 1965. The other opinion was set forth in a letter directed to the Superintendent of Schools of Gilpin County. As to this opinion, there is no indication from the pleadings or attached exhibits whether it in any way was exposed to general scrutiny. The variance between these two opinions involves an interpretation of who is a "qualified taxpaying elector" in a school bond election.

The attorney opinion contained in the newspaper article stated in substance that a purchaser of real property in possession under a contract of sale, who is obligated thereunder to pay the taxes, and is otherwise qualified to vote, may vote. The other attorney opinion stated such a person is not qualified to vote.

A judicial determination of this question is not required by the issues presented by this writ of error. This, however, is an issue in *Russell v. Wheeler,* 165 Colo. 296, 439 P.2d 43, announced simultaneously with this opinion which case involves an election contest pertaining to this same election. In this companion case, we hold that such a purchaser of real property in possession under a contract of sale is not included within the definition of "qualified taxpaying elector" as this term is defined in 1965 Perm. Supp., C.R.S. 1963, 123-11-1(4).

The trial court, after a hearing, refused to enjoin the election which was held as scheduled and resulted in a vote favoring the issuance of the bonds. The trial court, however, did order the defendants to answer on the merits of the complaint as it pertains to the declaratory judgment relief requested. Rather than answer, however, the defendants filed a motion to dismiss the complaint and petition on the grounds, among others, of failure to state a claim, and more specifically, on the ground that the issue is moot because the election had been held.

This motion to dismiss was sustained by the trial court on the grounds of "failure to state a claim upon

which relief can be granted in that the matters alleged therein are moot."

Plaintiffs bring this writ of error claiming the trial court erred in granting the defendants' motion to dismiss the complaint and petition. The trial court's refusal to enjoin the holding of the election on December 18, 1965 does not appear to have been made a major issue by the plaintiffs who thrust their sole arguments against the trial court's refusal to proceed with the action and enter a declaratory judgment.

■■ However, because of the nature of the allegations which appear to cast somewhat of an overtone of invalidity upon the holding of this election, we deem it necessary to briefly comment on the trial court's refusal to enjoin the holding of the school bond election on December 18, 1965. In our view, the trial court was correct in denying the injunction. Nothing was alleged in the complaint and petition which could be considered as a justifiable basis for enjoining the holding of the election as scheduled. The general allegation about conflicting opinions as to those qualified to vote and that these opinions might cause some to vote who are not qualified, or might cause a qualified voter to stay away from the polling place, is so speculative as to be no warrant whatsoever for enjoining the election. In the complaint, it is alleged merely that "some persons" may be affected by the purported uncertainty and confusion. There are no allegations presented in the complaint and petition which have the semblance of indicating that any mandatory requirement of law had been violated by the defendants, or that any illegal procedures or fraudulent practices by the defendants or any one else had been committed which would make it unlikely that the true will and purpose of the voters would be expressed. Only allegations of this nature in our view constitute a sound basis for injunctive orders to stop an election. *Kelly v. Novey*, 136 Colo. 408, 318 P.2d 214 generally expresses this rule in a case where contestors sought

unsuccessfully to invalidate an election for members of the board of education. An action to enjoin the holding of a scheduled election, like an action to invalidate an election already held, must be brought on the basis that the required election procedures or the conduct of the election has been contaminated to the extent that the true will of the voting public may not be reflected, or that a statutory requirement has not been substantially complied with by those responsible for calling, scheduling, and conducting the election.

Did the trial court commit error in dismissing the complaint and petition for declaratory judgment after the election in question had been held as scheduled?

■ Our examination of this record and particularly, the allegations of the complaint and petition leads but to one conclusion, which we deem to be clearly obvious. This conclusion is that the trial court properly dismissed the complaint and petition. No purpose would have been served by a declaratory judgment on voter qualifications for an election already completed. At this point, the plaintiffs' remedy as provided by statute was to contest the election, which procedures had, in fact, already been initiated by several of the same plaintiffs.

■ C.R.S. 1963, 77-11-2 prescribes who may obtain a declaratory judgment. It provides:

"Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

Under this statutory authority and R.C.P. Colo. 57, a judicial tribunal is not required to render a judicial opinion on a matter which has become moot. In this case, a judicial opinion would not serve to terminate any controversy or put to an end any uncertainty, which for

the purpose of the instant complaint and petition, evaporated when the election was concluded. Under these circumstances, the trial court had no alternative other than to dismiss the complaint and petition. A case is moot when a judgment, if rendered will have no practical legal effect upon an existing controversy, and we add that as we view the complaint and petition, there is no justiciable controversy alleged as between the plaintiffs and the defendants. See *Sigma Chi Fraternity v. Regents of University of Colorado*, 258 F.Supp. 515 and *Elliott v. City of Fort Collins*, 135 Colo. 558, 313 P.2d 316.

The plaintiffs devote considerable space in their briefs to an alleged deficiency in the published election notice. The defendants state that such an issue was not properly before either the trial court nor before this court on writ of error, since no such issue is recognizable from the allegations of the plaintiffs' complaint and petition. We agree with the defendants. Plaintiffs' complaint and petition is devoid of any allegation attacking the published election notice; and furthermore, there is no claim that defendants, or any one of them, had violated any of the statutory requirements pertaining to this election notice. It is obvious the plaintiffs are attempting to make this an issue here as an afterthought. We must therefore ignore it, noting however, that in the companion case of *Russell v. Wheeler, supra,* announced this same date, the adequacy of the published election notice is determined.

The trial court properly dismissed the plaintiffs' complaint and petition for a declaratory judgment.

Judgment affirmed.