535 P.2d 244 (1975)
Timothy SANDOVAL, a minor, by and through his mother, Flora Sandoval, Plaintiff-Appellant,
v.
Barnard D. "Pat" RYAN, Individually and as Superintendent of Schools of School District No. Re 2, in and for the County of Boulder and State of Colorado, et al., Defendants-Appellees.
No. 74-290.
Colorado Court of Appeals, Div. II.
May 6, 1975.
*245 Murray Richtel, Jonathon B. Chase, Boulder, for plaintiff-appellant.
Caplan & Earnest, Gerald A. Caplan, Lynn Kuykendall, Boulder, for defendants-appellees.
Not Selected for Official Publication.
ENOCH, Judge.
Plaintiff appeals from a judgment of the district court which dismissed his complaint in a civil rights action brought pursuant to 42 U.S.C. § 1983. We affirm.
Plaintiff was a high school student in the Boulder Valley Public School District and a resident of the school attendance area of Centaurus High School which is located in Lafayette. In August of 1973 plaintiff attempted to register at Centaurus High for the 1973-74 academic year but was denied admission and was subsequently transferred, for disciplinary reasons, to Broomfield High School, which is within the same school district. Plaintiff's request for a hearing prior to the transfer was denied. Plaintiff enrolled at Broomfield High and, asserting the transfer was violative of his due process rights, he commenced this action seeking a temporary restraining order and preliminary injunction requiring defendants either to hold a due process hearing or to permit plaintiff to enroll at Centaurus High. The temporary restraining order was denied and the motion for a preliminary injunction was consolidated with the trial on the merits.
On October 19, 1973, the date set for trial, counsel for plaintiff informed the court of plaintiff's determination that it was in his best educational interest to remain at Broomfield High and that he no longer sought a transfer or a hearing on his transfer. At this point in the proceedings plaintiff withdrew his claim for injunctive *246 relief and was permitted to file an amended complaint which asserted a claim for transportation expenses incurred by plaintiff arising from participation in a work-study program and asserted a class action claim for declaratory relief on behalf of the class of students subject to involuntary transfer without a hearing. On motion of defendants, the court dismissed the amended complaint on the grounds that plaintiff lacked standing to assert the constitutional issue, that the claims for declaratory and monetary relief were moot, and that consequently plaintiff could not raise claims on behalf of a class which he could not himself raise. Plaintiff contends that the district court erred as to all three matters and seeks reinstatement of his complaint as amended for consideration on the merits.
The threshold questions are whether plaintiff has the standing to bring this action under the amended complaint and whether a justiciable controversy still exists. In Colorado courts these issues are considered in light of a common law concept of justiciability which must be met before a court has jurisdiction. See e. g., Berman v. City & County of Denver, 156 Colo. 538, 400 P.2d 434; Crowe v. Wheeler, 165 Colo. 289, 439 P.2d 50.
The trial court concluded that plaintiff lacked standing to assert he was constitutionally entitled to a hearing before his involuntary transfer. The court reasoned that plaintiff no longer claimed to have been adversely affected by the transfer, since he had withdrawn his request for a hearing and felt it was in his own best educational interests to remain at Broomfield High. Plaintiff contends, however, that his decision to remain where he was transferred is not a concession that he was uninjured by the transfer. His argument is that the involuntary transfer without a hearing resulted in a "substantial negative psychological impact" which adversely affected the benefits of his educational opportunities. The request for a hearing was withdrawn, he further contends, because it became apparent that meaningful redress for this injury had been rendered impossible, not because he was uninjured.
The essence of standing is that no person is entitled to assail the constitutionality of an ordinance or statute except as he himself is adversely affected by it. Berman v. Denver, supra; Rinn v. Bedford, 102 Colo. 475, 84 P.2d 827. Plaintiff has alleged that he has been adversely affected by an unconstitutional transfer conducted pursuant to school district policy. The fact that he no longer feels that a hearing subsequent to the transfer will repair that harm does not alter the fact that he is assailing a practice by which he himself has been adversely affected. Therefore we hold that he was standing to attack the transfer procedure.
The issue of mootness raises additional considerations, however. As was said in Crowe v. Wheeler, supra,
"A case is moot when a judgment, if rendered will have no practical legal effect upon an existing controversy. . .."
While in this case plaintiff meets the standing requirement because he has alleged injury resulting from unconstitutional conduct, he concedes that the relief originally sought would not relieve this injury but only compound it. In light of the fact plaintiff wishes to remain in school at Broomfield High it is difficult to see how a judgment on the merits of his case would amount to anything other than an advisory opinion.
In support of his contention that this case is not moot plaintiff urges that this fact situation falls within the class of cases held by the United States Supreme Court not to be moot because "capable of repetition, yet evading review." See Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L. Ed.2d 147, rehearing denied, 410 U.S. 959, 93 S.Ct. 1409, 35 L.Ed.2d 694; Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274; Moore v. Ogilvie, 394 U.S. *247 814, 89 S.Ct. 1493, 23 L.Ed.2d 1; Southern Pacific Terminal Co. v. Interstate Commerce Commission, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310. The rationale underlying the doctrine of "capable of repetition, yet evading review" is that because of certain limitations inherent in the controversy, it will never be possible to obtain a more adversary posture, e. g., when a pregnant woman challenges an anti-abortion statute, the human gestation period is so short that pregnancy will come to term before the entire appellate process can be completed. See Roe v. Wade, supra.
Plaintiff argues that in virtually every case when a high school student is involuntarily transferred for disciplinary reasons without a prior hearing, it will be in the student's own best educational interests to remain where he was transferred. Hence the instant situation will repeat itself, a hearing will never be desirable and review of the process will never occur. We do not agree.
It is not difficult to imagine situations where a transferred student would insist upon asserting a right to a hearing even after enrolling in a new school. For example, the educational programs of the new school may not meet his needs extracurricular activities at one school may not be available at another, problems of personal adjustment to a new school may prove insurmountable. In short, it is far from clear that plaintiff's dilemma will be repeated. Even should a student decide his educational interests require him to remain where he has been transferred, a hearing may still be desirable to remove any stigma attaching to the transfer in school records.
While plaintiff has alleged that psychological harm resulted from his involuntay transfer without a hearing, he has made no allegation in his complaint nor offer of proof that the harm invariably will preclude seeking a hearing after the transfer has been effected. Nor has he alleged even that if he were to be again transferred he would not seek a hearing. Thus, as to plaintiff's individual claim, we find the issues moot. Nor do we consider the issues in this case as being "of great public importance," so as to qualify for the mootness exception recognized in Parker v. People ex rel. Woods, 135 Colo. 206, 309 P.2d 605.
As to the mootness of plaintiff's claim for transportation costs, plaintiff argues that his injury resulted from the unconstitutional transfer process, and that defendants were liable for such injury regardless of whether a hearing was later held as to the propriety of the transfer. But whatever other injury plaintiff may have allegedly sustained, the costs of transportation necessitated by the transfer can only be recovered as an element of that injury if it is shown that the transfer itself was improper, rather than merely procedurally irregular. Hence, by waiving a hearing on the propriety of his transfer, plaintiff also waived his claim for transportation costs.
Finally plaintiff asks us to reverse the ruling of the trial court which held that this action may not be maintained as a class action for the reason that the case is moot as to him, the representative of the class. This point was not raised in plaintiff's motion for rehearing, and is not properly before us for review. C.R.C.P. 59(f).
In any event, plaintiff's reliance on Sosna v. State of Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532, is misplaced. In Sosna, the majority for a divided court concluded that when a class action had been certified at a time when there was a named plaintiff with a live controversy, then the fact that the case subsequently became moot as to the named plaintiff would not moot the case as to the class. That situation is easily distinguishable from the case at hand. Here, a class action claim was not introduced into the case by amending the complaint until after plaintiff had withdrawn his request for a hearing which made the case moot as to plaintiff. Plaintiff's decision to waive a hearing on his transfer has in effect removed him from *248 his proposed class as a real party in interest and has the effect of preventing the bringing of a class action in his name. See DeFunis v. Odegaard, 84 Wash.2d 617, 529 P.2d 438 (on remand from the United States Supreme Court).
Judgment affirmed.
PIERCE and STERNBERG, JJ., concur.