Argued and submitted April 17, affirmed November 12, 1987

# MASTERS,
*Appellant,*

*v.*

# SECRETARY OF STATE OF OREGON,
*Respondent.*

## (85-CV-334; CA A40876)
744 P2d 1309

Charles O. Porter, Eugene, argued the cause and filed appellant's reply brief. Roy Masters, *pro se,* Los Angeles, California, filed appellant's opening brief.

John R. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiff appeals from a judgment of the trial court dismissing his complaint against the Secretary of State for failure to state ultimate facts sufficient to constitute a claim, ORCP 21A(8), for failure to bring the claim within the applicable Statute of Limitations, ORCP 21A(9), and as being sham, ORCP 21E. We affirm.

■ His first claim for relief alleges a violation of the Secretary's duty imposed by ORS 251.055:

"(1) The Secretary of State shall reject any statement, argument or other matter offered for filing and printing in a voters' pamphlet which:

"(a) Contains any obscene, profane, scandalous or defamatory language;

"(b) Incites, promotes or advocates hatred, abuse, violence or hostility toward, or which tends to cast ridicule or shame upon any person or group by reason of race, color, religion or manner of worship; or

"(c) Contains any language which may not legally be circulated through the mails.

"(2) Nothing in this chapter shall make the author of any statement or argument exempt from any civil or criminal action because of any defamatory statements offered for printing or contained in the voters' pamphlet. The persons writing, signing or offering a statement or argument for filing shall be deemed its authors and publishers."

Plaintiff alleged that the Secretary should have refused to include in the 1984 General Election Voters' Pamphlet a statement submitted by Larryann C. Willis, a candidate for Congress in District 2. Willis's opponent in the General Election was Representative Robert Smith. The disputed statement was:

"Smith says he stands up for Oregonians; the record shows SMITH IGNORED PLEAS FOR HELP FROM DISTRICT CITIZENS who believe they have been exploited by the Rajneesh and Masters cults.

"I strongly believe in religious freedom guaranteed by the Constitution. However, if such groups forcibly exploit others under the guise of religious freedom, government must move to insure the protection of Constitutional and property rights of ALL citizens."

Plaintiff is the "Masters" referred to in that statement.

Defendant argues that plaintiff's claim is actually for defamation and that the complaint was not filed within the one year Statute of Limitations. ORS 12.120(2).[1] Plaintiff contends that the claim is based on the Oregon Tort Claims Act (OTCA), ORS 30.260 to ORS 30.300, and that the complaint was filed within the two year limitation on such actions. *See* ORS 30.275(8). However, ORS 30.275(8)[2] specifically provides that the libel limitation applies under the OTCA.

We need not decide whether plaintiff's complaint is for defamation or for breach of a statutory duty under the OTCA, however, because we conclude that the claim was properly dismissed under either theory. If the claim is for defamation, it was not filed timely. ORS 12.120. If the claim is under OTCA, it is barred under ORS 30.265(3)(c):

"(3)   Every public body and its officers, employes and agents acting within the scope of their employment or duties, or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598, are immune from liability for:

"* * * * *

"(c)   Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

Determination of whether a statement submitted for inclusion in the Voters' Pamphlet runs afoul of ORS 251.055 involves the exercise of the Secretary's discretion. Although the Secretary "shall" reject any of the prohibited statements, *see Miller v. Grants Pass Irrigation,* 297 Or 312, 317-18, 686 P2d 324 (1984), determining whether a statement is "defamatory" or "incites, promotes or advocates hatred, abuse, violence or hostility toward * * * any person * * * by reason of * * * religion"

---

[1] The complaint was filed on November 26, 1985, more than one year after the publication and distribution of the Voters' Pamphlet and the 1984 General Election.

[2] ORS 30.275(8) provides:

"Except as provided in ORS 12.120 and 12.135, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employe or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."

necessarily involves the exercise of judgment in balancing the statutory prohibition against the candidate's right to write freely on any subject. Art I, § 8. As such, it is a discretionary function. The Secretary's discretion under the statute also involves a policy choice based on the content of the disputed statement and the intent of the legislature in adopting the statute. *See Stevenson v. State of Oregon,* 290 Or 3, 9-11, 619 P2d 247 (1980). Therefore, determination of whether a statement is prohibited from inclusion in the Voters' Pamphlet by ORS 251.055 is a discretionary function which is protected by ORS 30.265(3)(c).[3] Accordingly, plaintiff's first claim was properly dismissed.

■ Plaintiff's second and third claims were also properly dismissed. His second claim is for a declaratory judgment, ORS 28.010, that the Secretary's action of including the statement in the Voters' Pamphlet violated ORS 251.055. That issue is moot. The election is over, and there was no longer a justiciable controversy between the parties at the time when this action was filed. *Kay v. David Douglas Sch. Dist. No. 2,* 303 Or 574, 738 P2d 1389 (1987); *Oregon Republican Party v. State of Oregon,* 301 Or 437, 440, 722 P2d 1237 (1986).

■ Plaintiff's third claim is based on ORS 246.910,[4] a statute governing procedures for appeal from the Secretary of State's decisions. That statute does not confer any substantive rights, and the claim suffers from the same deficiency as does the second claim.

Affirmed.

---

[3] The legislature has not provided any specific civil remedy for violations of ORS 251.055, although violation of the statute may be punished by a fine of not more than $250. ORS 251.991. Although we need not decide the question here, it appears that ORS 251.055(2) means that the Secretary of State shall not be deemed to be the author or publisher of any candidate's statement.

[4] ORS 246.910 provides, in pertinent part:

"(1) A person adversely affected by any act or failure to act by the Secretary of State or a county clerk under any election law, or by any order, rule, directive or instruction made by the Secretary of State or a county clerk under any election law, may appeal therefrom to the circuit court for the county in which the act or failure to act occurred or in which the order, rule, directive or instruction was made."