W–470 CONCERNED CITIZENS, James P. Adams, Edie Bryan and Gregory Marsh, Plaintiffs–Appellants,

v.

W–470 HIGHWAY AUTHORITY and W–470 Beltway Action Committee, Defendants–Appellees.

No. 89CA0790.

Colorado Court of Appeals, Div. IV.

Aug. 30, 1990.

Rehearing Denied Oct. 11, 1990.

Certiorari Denied April 22, 1991.

Wilcox & Ogden, Ralph Ogden, Denver, Barry Satlow, John Spitzer, Boulder, Lutz and Oliver, Owen L. Oliver, Arvada, for plaintiffs-appellants.

Davis, Graham & Stubbs, Richard W. Daily, John M. Church, Denver, for defendants-appellees.

Opinion by Judge JONES.

Plaintiffs, W–470 Concerned Citizens, James P. Adams, Edie Bryan, and Gregory Marsh, appeal the dismissal of their claims against defendants, W–470 Beltway Action Committee (Committee) and W–470 Highway Authority (Authority). We affirm.

The Authority is a political subdivision of the state of Colorado formed by intergovernmental agreement among several municipalities and counties to construct the western, northwestern, and northern portions of the 470 Beltway which will surround Denver. The Committee is a registered political action committee under § 1–45–106, C.R.S. (1980 Repl.Vol. 1B), formed to promote the highway's construction.

This dispute arises from the distribution of brochures by defendants. These brochures were prepared in connection with a referendum election called by the Authority and held on February 7, 1989. In that election, voters in the Authority's geographical jurisdiction were asked to approve a $10 vehicle registration fee for those registering automobiles within the jurisdiction in order to fund construction of highway W–470, a section of the proposed beltway running from I–70 and C–470 to I–25 near 157th Avenue.

In January 1989, the Authority distributed by direct mail approximately 72,000 brochures which tended to favor passage of the initiative. It also distributed another 104,000 of the brochures either in bulk to various organizations or as newspaper inserts.

Plaintiffs are a political action committee made up of citizens who were opposed to the referendum, and three individual electors who reside within the boundaries

of the Authority. They filed a verified complaint and motion for preliminary injunction on February 2, 1989, five days prior to the election alleging that the brochures were not "fair and balanced" as required by § 1–45–116(1)(a) and § 1–45–116(1)(b)(I) and (II), C.R.S. (1989 Cum.Supp.). Plaintiffs requested the following three types of relief: (1) A *declaration* that the Authority exceeded its statutory powers in publishing "slanted" brochures and that the Authority violated Colorado election campaign law by failing to include the name of the Committee as a co-sponsor of the brochures; (2) *A mandatory injunction* requiring the Authority to publish corrections as to the allegedly slanted brochures and to provide plaintiffs with a mailing list so that plaintiffs could communicate with the same voters who received the brochures; (3) *Damages* amounting to three times the total cost of producing and distributing the brochures, allegedly pursuant to 42 U.S.C. § 1983.

The trial court denied plaintiffs' motion for a preliminary injunction finding that it was impractical to grant and to monitor the relief sought given the time constraints imposed by the impending election. No appeal was taken from this ruling.

On February 7, 1989, voters struck down the referred measure by a substantial margin. Despite the election results, plaintiffs decided to continue with the litigation.

Defendants moved to dismiss the case averring that it was moot because it concerned the legality of certain specific communications which were unlikely to recur, and because a judgment would have no practical legal effect upon this or future controversies.

The trial court concluded that plaintiffs' case was moot with respect to both injunctive and declaratory relief, noting that the brochures had been designed for the specific funding issue that had been before the electorate, and that a declaratory judgment would have no practical effect. The court also concluded that the matter "is not one capable of repetition," and, even if the case were not moot, the court, in the exercise of its discretion, declined to enter a declaratory judgment because "the judgment would not terminate the uncertainty or conflict giving rise to the proceedings." The court also noted that the orders requested "may amount to a prior restraint on speech."

Finally, the trial court held that plaintiffs lacked standing on their damage claim because their interest in the litigation was undifferentiated from that of other citizens.

## I.

■ Plaintiffs initially contend that the trial court erred in dismissing the case as moot with respect to both injunctive and declaratory relief. We disagree.

■ A court is not required to render a judicial opinion on a matter that has become moot. *Crowe v. Wheeler*, 165 Colo. 289, 439 P.2d 50 (1968). A matter is moot when a judgment, if rendered, would have no practical legal effect upon an existing controversy. *Ohio Casualty Insurance Co. v. Imperial Contractors, Inc.*, 765 P.2d 1060 (Colo.App.1988).

■ If, as here, the conduct sought to be redressed is peculiar to a particular election, the occurrence of the election itself will moot the controversy. *See O'Brien v. Brown*, 409 U.S. 816, 93 S.Ct. 67, 34 L.Ed.2d 72 (1972); *Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969). This view is all the more compelling when that side of the disputed issues which plaintiffs seek to protect or espouse prevails in the election.

Moreover, a review of the complaint in this case reveals that as to both injunctive and declaratory relief, plaintiffs sought remedies specific to these particular brochures and to this particular election. Thus, we agree with the trial court's conclusion that the matter is moot and that any determination as to the legality of the brochures would have no practical effect on the election that had already occurred.

Plaintiffs, however, urge that, even if the injunctive relief and declaratory judgment issues are moot, exceptions to the

mootness doctrine are applicable here. We disagree.

■ Colorado recognizes two exceptions to the mootness doctrine. First, a case which is otherwise moot will not be dismissed if it presents a controversy capable of repetition yet evading review. *Cloverleaf Kennel Club, Inc. v. Colorado Racing Commission*, 620 P.2d 1051 (Colo.1980).

Here, we are not persuaded that the trial court erred in its finding that the defendants are unlikely to engage in similar activity in the future. Indeed, given the election results, it is more likely that an election involving comparable issues of funding and comparable brochures will never recur. However, even if we were to assume, *arguendo*, that such an election were to be held and that the defendants would distribute brochures, the specific content in those brochures would undoubtedly contain information different from the brochures at issue here. Thus, we conclude that this controversy is not capable of repetition.

The second exception to mootness concerns a controversy involving a question of great public importance or an allegedly recurring constitutional violation. *Humphrey v. Southwestern Development Co.*, 734 P.2d 637 (Colo.1987).

Applying this second exception to the facts of this case, we again emphasize that the literature contained in the brochures was peculiarly geared to the particular set of circumstances surrounding the election of February 7, 1989. We agree with the trial court that any ruling as to that literature would carry no generalized weight as to nor affect future controversies. These factors, coupled with the resounding defeat of the initiative by the voters, lead us to conclude that this controversy does not rise to the level of public importance necessary to trigger this second exception to the mootness doctrine.

## II.

■ Plaintiffs also contend that the trial court erred in concluding that plaintiffs lacked standing on their claim for damages under 42 U.S.C. § 1983. Again, we disagree.

It should be noted that the complaint does not allege that the plaintiffs are either taxpayers or persons who have registered, or will in the future register, automobiles within the geographical boundaries of the authority. These are matters as to which this court may not speculate. Furthermore, the evidence does not establish these threshold factors. The individual plaintiff who testified established only that she is a registered voter, eligible to vote in the election, and that she was opposed to the referred measure as a method of financing W–470.

■ In order to establish standing under 42 U.S.C. § 1983, a plaintiff must allege that he has suffered an injury in fact, economic or otherwise, and that the interest sought to be protected arguably falls within the zone of interests protected by the particular statute. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289 (10th Cir.1980), *cert. denied*, 452 U.S. 963, 101 S.Ct. 3114, 69 L.Ed.2d 975 (1981).

■ With respect to the first element of standing, the alleged injury cannot be remote, speculative, or conjectural. *Golden v. Zwickler, supra*. The actual or threatened harm must be to a real and immediate interest in order to assure that the plaintiff has a direct stake in the outcome of the controversy. *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

■ Finally, standing to sue may not be predicated upon an interest of a kind that is held in common by all members of the public because of the necessarily abstract nature of the injury all citizens share. *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974); *Ex parte Levitt*, 302 U.S. 633, 58 S.Ct. 1, 82 L.Ed. 493 (1937).

Here, plaintiffs have failed to allege or establish an injury personal to them or an injury that is in any way distinguishable from injury to the public at large. Accordingly, the trial court properly found that

plaintiffs lacked standing to sue for damages under 42 U.S.C. § 1983.

The judgment is affirmed.

METZGER and MARQUEZ, JJ., concur.