The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Phillip Alfonso ESPINOZA, Defendant–Appellant.

No. 90CA1093.

Colorado Court of Appeals, Div. V.

Sept. 26, 1991.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert Mark Russel, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Lisa D. Hamilton–Fieldman, Deputy State Public Defender, Patrick J. Mulligan, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge JONES.

Defendant, Phillip Alfonso Espinoza, appeals the order denying a motion for a free transcript of his trial for purposes of a Crim.P. 35(c) motion. We dismiss the appeal.

Defendant was tried and convicted of second degree burglary and theft in November 1978. The judgments of conviction were upheld on appeal. In May 1989, defendant filed a motion for post-conviction review pursuant to Crim.P. 35(c). In furtherance of this motion, defendant twice moved for a free transcript, having lost the free transcript that he had been provided for purposes of his appeal. His renewed motion for a free transcript was denied on June 6, 1990.

Prior thereto, on June 29, 1989, the United States Court of Appeals for the 10th Circuit directed the U.S. District Court to review the state court record in defendant's case to determine whether the use of a constitutionally defective jury instruction was harmless beyond a reasonable doubt. On remand, the U.S. District Court found that it was likely that the erroneous instruction influenced the jury verdict and that defendant was denied due process of the law. The U.S. District Court, therefore, on August 27, 1990, granted defendant's habeas corpus petition and vacated the sentences imposed in the state district court.

■ Defendant, here, contends that the state trial court erred in denying his motion for a second free transcript for purposes of post-conviction review under Crim.P. 35(c). The People maintain that this appeal should be dismissed because defendant's motion is moot by virtue of the federal district court's grant of his petition for habeas corpus relief. We agree with the People.

■ A matter is moot when a judgment, if rendered, would have no practical legal effect upon an existing controversy. However, a case which is otherwise moot will not be dismissed if it presents a controversy capable of repetition yet evading review, or if the controversy in question involves an issue of great public importance or an allegedly recurring constitutional violation. *W–470 Concerned Citizens v. W–470 Highway Authority*, 809 P.2d 1041 (Colo.App.1990). We determine that defendant's appeal here is moot.

In *Bowen v. Maynard*, 799 F.2d 593, (10th Cir.1986), the United States Court of Appeals held that judgment by a U.S. District Court granting a writ of habeas corpus served to invalidate both the convictions and the sentences of the defendant, although retrial on the charges was not barred. *See also Silk–Nauni v. Fields*, 676 F.Supp. 1076 (W.D.Okla.1987). We adopt the holding of the *Bowen* case and conclude that the habeas corpus relief granted defendant in our case, likewise, invalidates defendant's conviction and sentences.

Defendant's motion for post-conviction review of the invalid conviction and sentences pursuant to Crim.P. 35(c) is, thus, rendered moot because no conviction exists as to which Crim.P. 35(c) review may be had. Such is also the case with his appeal of the denial of his motion for a second free transcript for the purpose of furthering his, now moot, Crim.P. 35(c) motion. Furthermore, we conclude that the circumstances of this case do not bring it within the scope of the two exceptions to the mootness doctrine. *See W–470 Concerned Citizens v. W–470 Highway Authority, supra.*

If defendant is retried on the original charges and he moves for a second free transcript at that time, the court may then consider his motion.

Accordingly, this appeal is dismissed.

PLANK and NEY, JJ., concur.