2011 ND 185

Lee **BRANDVOLD**, Steve Bigelow, Dwight Johnson, Nikki Johansen, Bruce Peterson, Hereinafter "the Ryder Group," Petitioners and Appellants,

v.

**LEWIS AND CLARK PUBLIC SCHOOL DISTRICT # 161**, a public school board, Respondent and Appellee.

No. 20110039.

Supreme Court of North Dakota.

Sept. 15, 2011.

Charles L. Neff, Williston, N.D., for petitioners and appellants.

Tiffany Lynn Johnson (argued) and Gary R. Thune (on brief), Bismarck, N.D., for respondent and appellee.

CROTHERS, Justice.

[¶1] Lee Brandvold, Steve Bigelow, Dwight Johnson, Nikki Johansen, and Bruce Peterson (collectively "Brandvold") appealed from a district court judgment dismissing their petition for declaratory and injunctive relief. We affirm, concluding the district court did not err in granting judgment on the pleadings dismissing the petition under N.D.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted.

I

[¶2] In 2002, the Berthold Public School District, the North Shore Public School District, and the Plaza Public School District commenced the statutory process to consolidate and reorganize into a single district. The culmination of this process was a formal public vote in each of the three districts, with the voters in each of the three districts approving the consolidation and reorganization plan. As a result, the three districts reorganized into the Lewis and Clark Public School District ("the District") effective in July 2003, and the three former districts ceased to exist.

[¶3] In 2009, the school board of the District voted to close the elementary school located in Ryder. In February 2010, Brandvold filed a petition in district court seeking declaratory and injunctive relief, alleging that the reorganization process had been tainted by fraud because the Berthold Public School District had not disclosed during the reorganization process information about certain outstanding debts it owed on lease-purchase transac-

tions. Brandvold sought a declaration that the reorganization was invalid and that the District be dissolved and the former districts be reinstated. Brandvold also sought an injunction prohibiting the District from closing any school within the District.

[¶ 4] The District moved for judgment on the pleadings under N.D.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. The district court granted the motion, and judgment was entered dismissing the petition. On appeal, Brandvold challenges only the dismissal of the request for declaratory relief, not the dismissal of the request for injunctive relief.

## II

[¶ 5] Brandvold contends the district court erred in dismissing the petition under N.D.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. Brandvold argues the failure of the Berthold Public School District to disclose during the 2002–2003 reorganization process that it owed money under certain lease-purchase agreements constituted "fraud in the inducement" and "is actionable to challenge an election result."

## A

■ [¶ 6] This Court has summarized its standard of review of a judgment dismissing a complaint under N.D.R.Civ.P. 12(b)(6) for failure to state a claim:

"A motion to dismiss a complaint under N.D.R.Civ.P. 12(b)(vi) tests the legal sufficiency of the claim presented in the complaint. On appeal from a dismissal under N.D.R.Civ.P. 12(b)(vi), we construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint. Under N.D.R.Civ.P. 12(b)(vi), a complaint should not be dis-

missed unless 'it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted.' *Ziegelmann* [*v. DaimlerChrysler Corp.,* 2002 ND 134, ¶ 5, 649 N.W.2d 556] (quoting *Lang v. Schafer,* 2000 ND 2, ¶ 7, 603 N.W.2d 904). We will affirm a judgment dismissing a complaint for failure to state a claim if we cannot 'discern a potential for proof to support it.' *Ziegelmann,* at ¶ 5 (quoting *Towne v. Dinius,* 1997 ND 125, ¶ 7, 565 N.W.2d 762)."

*Vandall v. Trinity Hosps.,* 2004 ND 47, ¶ 5, 676 N.W.2d 88 (citations omitted). We review the district court's decision granting judgment on the pleadings under N.D.R.Civ.P. 12(b)(6) de novo. *Bala v. State,* 2010 ND 164, ¶ 7, 787 N.W.2d 761; *Riverwood Commercial Park, L.L.C. v. Standard Oil Co.,* 2007 ND 36, ¶ 8, 729 N.W.2d 101.

## B

■ [¶ 7] In his petition, Brandvold sought the following declaratory relief:

"1. For an Order and Judgment declaring if the 2003 reorganization of the Berthold, North Shore and Plaza Public School Districts into the present consolidated Lewis and Clark Public School District, can be now challenged, on the basis of fraud in the inducement, and/or material misrepresentation, as well as, other legal grounds;

2. Alternatively, for an Order and Judgment declaring, whether, and by what process, prior North Shore Public School District # 158 and/or Plaza Public School District # 137 can seek a divorce fr[o]m the present Lewis and Clark Public School District # 161 to dissolve and simultaneously reorganize back into their original North Shore Public School

District # 158 and/or original Plaza Public School District # 137 . . . ."

Although this language in the petition's prayer for relief is confusing and specifically asks only for a determination whether the 2003 reorganization can be challenged, Brandvold has clarified that the relief sought is a declaratory judgment invalidating the original election, ordering a new election on the reorganization plan, and allowing the North Shore Public School District and Plaza Public School District to "get a divorce" from the Lewis and Clark Public School District if the voters reject reorganization in the revote.

■■■■ [¶ 8] This Court has consistently held that a necessary prerequisite to a proper declaratory judgment action is that there be a justiciable controversy underlying the declaration sought. *See, e.g., Ramsey Cnty. Farm Bureau v. Ramsey Cnty.*, 2008 ND 175, ¶ 22, 755 N.W.2d 920; *Saefke v. Stenehjem*, 2003 ND 202, ¶ 12, 673 N.W.2d 41. As this Court has explained:

> "In a declaratory judgment action '[t]he court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.' N.D.C.C. § 32–23–06. There must be a justiciable controversy, ripe for a judicial determination. ' "The Uniform Declaratory Judgments Act does not give a court the power to render advisory opinions or determine questions not essential to the decision of an actual controversy." ' *Richland County Water Res. Bd. v. Pribbernow*, 442 N.W.2d 916, 918 (N.D.1989) (quoting *Davis v. Dairyland County Mut. Ins. Co. of Texas*, 582 S.W.2d 591, 593 (Tex. Civ.App.1979))."

*Ramsey Cnty.*, at ¶ 22 (citation omitted). Even in actions seeking a declaratory judgment under N.D.C.C. ch. 32–23, "[o]ur law is well established that courts cannot give advisory opinions, and appeals will be dismissed if the issues become moot or academic, such that no actual controversy is left to be determined." *Gosbee v. Bendish*, 512 N.W.2d 450, 452 (N.D.1994).

■■■ [¶ 9] This Court has not previously addressed whether a declaratory judgment action challenging the result of a public election based upon an alleged pre-election irregularity is rendered moot by the completion of the election. Courts of this state are authorized to issue declaratory judgments under N.D.C.C. ch. 32–23, which is this state's enactment of the Uniform Declaratory Judgments Act. A statute derived from a uniform act "must be so construed as to effectuate its general purpose to make uniform the law of those states which enact it." N.D.C.C. § 1–02–13. This Court "therefore will seek guidance from decisions in other states which have interpreted the uniform act" and will " 'construe uniform laws the same way as other jurisdictions "to provide consistency and uniformity in the law." ' " *Vicknair v. Phelps Dodge Indus., Inc.*, 2011 ND 39, ¶ 11, 794 N.W.2d 746 (quoting *Smith v. Hall*, 2005 ND 215, ¶ 17, 707 N.W.2d 247).

[¶ 10] Courts in other states adopting the Uniform Declaratory Judgments Act consistently have held that challenges to the result of an election based upon pre-election irregularities which are peculiar to a particular election are moot, and not appropriate for declaratory relief, once the underlying election is completed. *See Crowe v. Wheeler*, 165 Colo. 289, 439 P.2d 50, 52–53 (1968) (election controversy "evaporated when the election was concluded," and the action for a declaratory judgment was moot); *Gresh v. Balink*, 148 P.3d 419, 421–22 (Colo.App.2006) (action seeking declaration that comments in a pre-election voter guide were improper

was moot because the election was concluded); *W–470 Concerned Citizens v. W–470 Highway Auth.*, 809 P.2d 1041, 1043 (Colo.App.1990) (declaratory judgment challenge alleging pre-election distribution of biased brochures was rendered moot by occurrence of the election); *Blodgett v. School Admin. Dist. # 73*, 289 A.2d 407, 414 (Me.1972) (where 19 months had elapsed since the election on dissolution of a school district, a challenge based upon irregularities in the voting process was moot and no justiciable controversy existed); *Citizens to Protect Pub. Funds v. Board of Educ.*, 13 N.J. 172, 98 A.2d 673, 676 (1953) (declaratory judgment challenge to a school bond election based upon improper pre-election pamphlets and radio broadcast was moot after completion of the election); *Masters v. Secretary of State*, 88 Or.App. 221, 744 P.2d 1309, 1311 (1987) (action seeking declaratory judgment that secretary of state improperly included a defamatory statement in a pre-election voter pamphlet was moot and there was no justiciable controversy once the election was completed); *Doria v. University of Vermont*, 156 Vt. 114, 589 A.2d 317, 318–19 (1991) (declaratory judgment action alleging pre-election poll improperly influenced voters was "not an appropriate remedy" and would be merely advisory where the election involved was "long over" and there was no longer a justiciable controversy); *see also* 26 C.J.S. *Declaratory Judgments* § 84 (2011) ("An action for a declaratory judgment is an inappropriate remedy to attack the validity of an election.").

▪ [¶ 11] As several cases emphasize, when "the conduct sought to be redressed is peculiar to a particular election, the occurrence of the election itself will moot the controversy." *Gresh*, 148 P.3d at 421; *accord Bruce v. City of Colorado Springs*, 971 P.2d 679, 683 (Colo.App.1998); *W–470 Concerned Citizens*, 809 P.2d at 1043. The

court in *W–470 Concerned Citizens*, addressing allegations that the results of a referendum election were affected by the pre-election distribution of a "slanted" brochure by a political subdivision, explained:

"Moreover, a review of the complaint in this case reveals that as to both injunctive and declaratory relief, plaintiffs sought remedies specific to these particular brochures and to this particular election. Thus, we agree with the trial court's conclusion that the matter is moot and that any determination as to the legality of the brochures would have no practical effect on the election that had already occurred."

*W–470 Concerned Citizens*, at 1043. In this case, Brandvold's challenge to the 2003 election is premised entirely upon the assertion that the Berthold Public School District fraudulently withheld financial information and that the public election on the reorganization plan therefore was tainted and invalid. The allegations relate to particular conduct in a particular election; therefore the occurrence of the election rendered the controversy moot. *See Gresh*, at 421; *Bruce*, at 683; *W–470 Concerned Citizens*, at 1043.

[¶ 12] In reaching this conclusion, we also note the impracticality of the relief sought by Brandvold. Brandvold's petition seeks to invalidate a public election completed more than six years before the petition was filed, based on the assertion some voters in the North Shore Public School District may have voted differently had they known about certain lease-purchase obligations of the Berthold Public School District. The Lewis and Clark Public School District has been fully functioning since July 2003, and the three prior districts ceased to exist at that time. Brandvold now seeks a revote more than seven years later, with the opportunity to "divorce" from the District and reinstate

the long-ago abandoned districts. Courts applying the Uniform Declaratory Judgments Act have noted a declaratory judgment is an inappropriate method to challenge the result of an election long after the election has been completed. *See Blodgett*, 289 A.2d at 414; *Clark v. City of Trenton*, 591 S.W.2d 257, 259 (Mo.Ct.App. 1979); *Doria*, 589 A.2d at 318. The court in *Clark* noted that "[t]he integrity of the dual concepts of finality and conclusiveness of free elections would be fatally compromised if persons wishing to contest them could wait indefinitely or an inordinate length of time to do so." *Clark*, at 259. Similarly, in *Blodgett* the court concluded a declaratory judgment challenge based upon irregularities in the voting process was moot when more than 19 months had passed since the election:

> "The Court cannot and will not speculate or surmise as to whether or not the result would be otherwise upon a new election. More than nineteen months have elapsed since the vote on the dissolution agreement prepared by the Board was taken. A dissolution agreement submitted to the voters ... should reflect current conditions and presently existing assets and obligations of the district. It would be unfair and unwise to have a submission to the voters on a dissolution agreement already long outdated."

*Blodgett*, at 414. Statutory provisions creating a civil action to contest an election similarly recognize the importance of certainty and finality, requiring that an election contest under N.D.C.C. ch. 16.1–16 must be brought within fourteen days after final certification by the canvassing board or five days after final certification of a recount. N.D.C.C. § 16.1–16–04. The relief sought by Brandvold—a revote on the original reorganization plan years after the completion of the original election, and after the new district has been operating for several years—would be impractical, untimely and unfair.

[¶ 13] Brandvold alleges in his brief there is a "plethora of precedent, that declaratory relief has uniformly been considered a proper cause of action, to challenge election fraud." However, none of his cases support that proposition. For example, *Wehrung v. Ideal Sch. Dist. No. 10*, 78 N.W.2d 68 (N.D.1956), was an action for injunctive relief, not a declaratory judgment under N.D.C.C. ch. 32–23, and sought to prospectively enjoin the issuance of school bonds approved in a prior election. In *Haggard v. Meier*, 368 N.W.2d 539 (N.D.1985), an unsuccessful primary candidate sought a declaratory judgment construing constitutional provisions and statutes regulating no-party ballot elections. The Court did not address the issues in the context of a challenge to specific conduct in a particular election, but as a general interpretation of constitutional and statutory provisions applicable in every no-party ballot election. Under N.D.C.C. § 32–23–02, courts of this state are given express authority to issue declaratory judgments determining "any question of construction" of a statute. In *Hodek v. Greater Nelson Cnty. Consortium*, 531 N.W.2d 280 (N.D.1995), the Court considered a declaratory judgment action seeking an interpretation of the statutes governing the maximum mill levy for a reorganized school district. There was no challenge in *Hodek* to the result of the underlying reorganization election. None of the cases cited by Brandvold apply in this case.

[¶ 14] We conclude that Brandvold's challenge to the result of the reorganization election based upon alleged pre-election irregularities was rendered moot by the completion of the election. Construing the petition in the light most favorable to Brandvold and accepting the allegations in the petition as true, we conclude no justici-

able controversy was presented and the district court did not err in dismissing the petition under N.D.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted.

### III

[¶ 15]   We have considered the remaining issues and arguments raised by the parties and find them either unnecessary to our decision or without merit.   The judgment is affirmed.

[¶ 16] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.